# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STEPHANIE CHESHIRE,

          Plaintiff,

v.                                                Case No. 8:20-cv-2240-JRK

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

          Defendant.
_____/

## OPINION AND ORDER[2]

### I.   Status

Stephanie Cheshire ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of plantar fasciitis, scoliosis, and arthritis in her spine. Transcript of Administrative Proceedings

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 16), filed March 11, 2021; Reference Order (Doc. No. 19), entered March 12, 2021.

(Doc. No. 17; "Tr." or "administrative transcript"), filed March 11, 2021, at 78, 87, 95, 105, 277.

On February 2, 2018, Plaintiff filed an application for SSI, alleging a disability onset date of June 15, 2014. Tr. at 230-39, 248-53.[3] On February 5, 2018, Plaintiff filed an application for DIB, alleging the same June 15, 2014 disability onset date. Tr. at 242-43, 246-47.[4] The applications were denied initially, Tr. at 86-91, 92, 129, 130-35 (DIB); Tr. at 77-85, 93, 125, 126-28 (SSI), and upon reconsideration, Tr. at 94-103, 118, 138, 139-44 (DIB); Tr. at 104-17, 119, 145, 146-51 (SSI).

On October 24, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 35-76. On December 12, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 18-29.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted additional evidence in the form of a brief authored by Plaintiff's representative and three pages of medical records. Tr. at 2, 4-5

---

[3] Plaintiff's SSI application is dated February 2, 2018, see Tr. at 230, 238, but evidently it was received by the SSA on February 12, 2018, see Tr. at 230, 248.

[4] Although the DIB application was actually completed on February 5, 2018, see Tr. at 242, the protective filing date of both of the applications is listed elsewhere in the administrative transcript as February 2, 2018, see, e.g., Tr. at 78, 87, 95, 105.

2

(Appeals Council orders and exhibit lists), 226-28 (request for review), 358-59 (brief), 7-9 (medical records). On July 25, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On September 24, 2020, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the Appeals Council erred in failing to properly evaluate whether the medical evidence submitted to it was material to the period adjudicated by the ALJ. Joint Memorandum (Doc. No. 20; "Joint Memo"), filed July 15, 2021, at 5-7. After a thorough review of the entire record and consideration of the parties' arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   **The ALJ's Decision**

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the

---

[5]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

3

Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 21-28. At step one, the ALJ determined that Plaintiff "has not engaged in [substantial gainful activity] since June 15, 2014, the alleged onset date." Tr. at 21 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: lumbar degenerative disc disease, obesity, and post-traumatic stress disorder ('PTSD')." Tr. at 21 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 21 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand

4

>and/or walk for a total of six hours in an eight-hour workday with normal breaks and sit for a total of six hours in an eight-hour workday with normal breaks. She can occasionally climb ladders, ropes, scaffolds, ramps, and stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. [Plaintiff] can understand, remember, and carry out simple instructions. She can implement routine and repetitive tasks. She should have no more than occasional contact with the public.

Tr. at 23 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work" as a "Cleaner"[6] and a "Fast Food Worker." Tr. at 27 (some emphasis and citations omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 27-28. After considering Plaintiff's age ("28 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 27 (emphasis and citations omitted), such as "Cleaner,"[7] "Marking Clerk," and "Routing Clerk," Tr. at 28 (citations omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from June 15, 2014, through the date of th[e D]ecision." Tr. at 28 (emphasis and citation omitted).

---

[6] The past work Plaintiff performed as a Cleaner is assigned the Dictionary of Occupational Titles code number 323.687-010 and, according to the DOT, is actually entitled, "Cleaner, Hospital."

[7] This Cleaner job is assigned the DOT code number 323.687-014, which is actually entitled, "Cleaner, Housekeeping."

5

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff challenges the Appeals Council's denial of review for "failing to properly evaluate whether records submitted were material to the period of time adjudicated by the [ALJ]." Joint Memo at 5 (emphasis and citation omitted). In essence, Plaintiff contends that the three pages of medical records submitted to the Appeals Council were "not readable" because "only half of [each] page is visible in the record." Id. at 6. Plaintiff contends her current counsel "was not the representative at the administrative level and does not know whether the unreadable record was just the way it was copied in connection with this federal appeal, or whether the Appeals Council received the copy, as it appears in the record." Id. Plaintiff requests, in the event the Appeals Council did receive a better copy than the one set forth in the administrative transcript, "that the court direct Defendant to amend the record, so that it contains a readable copy of the records submitted to the Appeals Council." Id. at 7. "If the Appeals Council did not receive a better copy," states Plaintiff, "the Appeals Council should have notified [Plaintiff] and given [Plaintiff] an opportunity to submit a better copy." Id.

Responding, Defendant does not make any representation about the quality of the copy actually received by the Appeals Council. See id. at 7-11. Rather, Defendant contends the Appeals Council properly denied review, that Plaintiff has not shown a breach of any duty by the Appeals Council or harmful

7

error, and that Plaintiff's argument is based upon speculation. Id. at 11.

With few exceptions, a claimant may present new evidence at each stage of the administrative process, including to the Appeals Council. See 20 C.F.R. §§ 404.900(b), 416.1400(b). When the Appeals Council is presented with evidence that was not before the ALJ, the Appeals Council must consider the evidence if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In addition, a claimant must show good cause for submitting new evidence to the Appeals Council. See 20 C.F.R. §§ 404.970(b), 416.1470(b).

Although the Appeals Council is "not required to give a . . . detailed explanation or to address each piece of new evidence individually," Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014)), if the Appeals Council "erroneously refuses to consider evidence, it commits legal error and remand is appropriate," Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1320 (11th Cir. 2015). "When a claimant properly submits new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Banks for Hunter v. Comm'r, Soc. Sec. Admin., 686 F. App'x 706, 709 (11th Cir. 2017) (citing Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007)).

Here, Plaintiff submitted three pages of medical evidence, through her then-counsel, to the Appeals Council in connection with her request for review. See Tr. at 7-9. The pages contain very large print and are cut off in places; it is possible that the person submitting the copy, whether intentionally or not, "zoomed" in on certain areas of the pages to the exclusion of other areas. See Tr. at 7-9. The result is partial copies of the three pages of evidence. Readable portions of the copies include Plaintiff's name; date of birth; age; sex; the fact that the record documented a "Follow-up visit"; that it was done via "video chat"; that she was there to discuss "res ___ photosensitivity"; Plaintiff's diagnoses; and the notation: "Patient with positive ANA test with fatigue, joint pain a___ diseases. We will follow-up results." Tr. at 7-9.

The Appeals Council recognized that Plaintiff submitted "undated medical records from Central Florida Rheumatology (3 pages)" but found the evidence "does not show a reasonable probability that it would change the outcome of the [D]ecision." Tr. at 2. The Appeals Council elected "not [to] exhibit this evidence." Tr. at 2.

Plaintiff has not shown reversible error on the part of the Appeals Council. Plaintiff makes no attempt to explain the import of the missing parts of the medical record, and no attempt to show how it was material other than to state it documented Plaintiff "had a positive ANA test, systemic lupus, chronic fatigue, and joint pain." Joint Memo at 6. But, the ALJ was aware of

9

Plaintiff's allegations of pain and fatigue and that "laboratory testing showed positive ANA." Tr. at 24. Plaintiff provides no authority that places a duty on the part of the Appeals Council to notify a representative if the Council believes it has received a partial copy of a record; indeed, Plaintiff's argument in this regard is based upon speculation that a partial copy was not intended to be provided. Further, the Court must presume that the administrative transcript is a full and accurate transcript of what was actually submitted at the administrative level, including to the Appeals Council, especially in the absence of any credible evidence to the contrary. Ultimately, Plaintiff has not shown that the medical evidence submitted to the Appeals Council carries a reasonable possibility of changing the administrative result.

## V.  Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence, and the Appeals Council did not reversibly err. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

10

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 28, 2022.

                                        JAMES R. KLINDT
                                    United States Magistrate Judge

kaw
Copies:
Counsel of Record

11